### CAUBLE v. HUDSON, ADMINISTRATOR.

[No. 3,404.    Filed March 6, 1901.    Rehearing denied May 8, 1901.]

DECEDENT'S ESTATES.—*Negligence.—Fires.—Damages.*—In an action against a decedent's estate for damages for the destruction of plaintiff's barn, the evidence showed that decedent, a man of about fifty year's of age, had been *non compos mentis* all of his life; that he lived with his mother until her death, after which he lived with the neighbors, sometimes sleeping in barns. He was an habitual smoker and always carried clay pipes and matches. He also carried a clevis-pin fastened to his wrist with a cord, also an iron link. On the evening of the fire he was seen in town intoxicated, where he visited a number of stores exhibiting the link and pin as weapons. He was last seen about ten o'clock at night going east in the direction of the barn. The next day his headless body was found in the ruins of the barn burned to a crisp. *Held,* that the evidence was not sufficient to establish a claim against decedent's estate for the burning of the barn.

From the Washington Circuit Court.   *Affirmed.*

*S. H. Mitchell* and *F. P. Cauble,* for appellant.

*J. L. Tucker* and *M. B. Hottel,* for appellee.

ROBINSON, J.—Appellant owned a barn and certain personal property therein, all uninsured, which were burned on the night of December 24, 1898.  Appellee's decedent, Benjamin Clifton, at that time was about fifty years old and had been *non compos* all his life.  He lived with his mother on a farm near Campbellsburg until her death in 1897 after which he lived with the neighbors, sometimes sleeping in barns.  He was high tempered and was frequently teased by the boys of the town which he frequently visited and where he was well known.  He was an habitual smoker and always carried clay pipes, tobacco, and friction matches which he handled with reasonable care and caution.  He also carried a "clevis" pin, fastened to his wrist by a cord, which he called his "sling shot", and also an iron link which he called his "knucks."  He never injured anyone, but talked a great deal about fighting.  At the June term of the court, 1898, he was adjudged of unsound mind, but no guardian was ever appointed for him.  On December 24, 1898, he visited a number of stores and shops in Campbellsburg, and was smoking a great deal.  He became intoxicated, was teased by the boys, exhibited the weapons above named, and about 10 o'clock that evening was seen leaving the town staggering, and going east.  He was afoot, alone, and this was the last time he was seen alive.  Between 12 and 1 o'clock that night the barn and contents situated about a mile east of Campbellsburg burned, and on the next day the headless body of Clifton was found in the ruins burned to a crisp, the iron "link" and "pin", clay pipes, pocket knife, and some brass buttons were found near by.  On that night there was no electric storm, no rain, and some wind blowing.  Clifton had no enemies, had no money or other valuables on the day of his death, and was never known to carry anything of the kind with him.

Upon the above facts appellant can not successfully prosecute a claim against Clifton's estate for damages for the burning of the property by him. His going to the barn in the first place can be established only by an inference. And if he did go it is only through an inference that it can be said he burned the property. A fact may be proved by circumstantial evidence, but the circumstances themselves must be proved and not presumed. It is not found he burned the barn, nor is it found as a fact that he went to the barn. The fact that his headless body was found in the ruins is a basis for conjecture merely. The trial court was right in denying a judgment resting on inferences based on inferences.

Judgment affirmed.